UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
UNITED STATES OF AMERICA,

-against-

KENNETH JAEGGI, et al.,

        Defendants.
----------------------------------------------------x

MEMORANDUM AND ORDER

CR 04-519 (LDW)

WEXLER, District Judge

The following post-trial motions are before the Court: (1) defendant Kenneth Jaeggi's, defendant Michael DeGennaro's, and defendant Frank Borghese's renewed Rule 29 motions for judgment of acquittal; (2) DeGennaro's and Borghese's motions to dismiss the indictment and bar retrial based on double jeopardy; and (3) DeGennaro's motion for recusal. The government opposes the motions.

As for the motions for judgment of acquittal, the evidence was sufficient to justify a conviction on each count charged. Accordingly, the motions for judgment of acquittal are denied.

As for the motions to dismiss and bar retrial based on double jeopardy, the parties agree that the double jeopardy clause does not bar retrial if there was "manifest necessity" for the mistrial. United States v. Perez, 22 U.S. 579, 580 (1824). As the Second Circuit has observed, the "classic example" of "manifest necessity" is "the discharge of a genuinely deadlocked jury." United States v. Klein, 582 F.2d 186, 194 (2d Cir. 1978). Under the circumstances, the Court finds that it properly declared a mistrial following the jury's unambiguous note that it was genuinely deadlocked. As the jury stated, "Judge, we are at a dead lock. We have exhausted all our options. This has been going on since Thursday [the second day of deliberations]." Indeed,

DeGennaro's counsel conceded the tenor of the note in stating the following after Jaeggi's counsel requested a mistrial[1] and before the Court declared a mistrial: "Before I make a similar application [i.e., request for a mistrial, as made by Jaeggi's counsel], I wonder if it makes sense to inquire of the jury if they have reached a verdict as to any defendant on any count. I would concede that the note indicates that the answer is probably no." Trial Transcript 5061. Moreover, in that regard, the Court adheres to its decision denying defendants' request to recall or conduct an examination of the discharged jurors concerning their deliberations, especially given that defendants' counsel and/or other representatives spoke to many of the jurors after they were discharged. Accordingly, the motions to dismiss the indictment and bar retrial are denied.

As for the motion for recusal, the Court's judicial rulings, on evidentiary and other issues, do not evidence any bias or prejudice against DeGennaro or demonstrate that the Court's impartiality toward DeGennaro might reasonably be questioned. Accordingly, the motion for recusal is denied.

---

[1]The transcript indicates that Borghese's counsel also requested a mistrial. Trial Transcript 5062. Borghese's counsel subsequently contended that he asked for both a mistrial and an inquiry into the jury, and he requested that the record be corrected in that regard. The Court denied that request after a hearing one week after the mistrial, finding the transcript was accurate.

Defendants' post-trial motions are denied.

SO ORDERED.

                                                       /s/
                                      LEONARD D. WEXLER
                                      UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       August 31, 2006